The Honorable Randall W. Morley City Attorney P.O. Box 5757 North Little Rock, AR 72119
Dear Mr. Morley:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Your question stems from a request submitted to the Administrator of the North Little Rock Municipal Jail, pursuant to the FOIA, to inspect certain records pertaining to an incident which occurred recently within the jail. You state that as a result of an allegation concerning the conduct of a jail detention officer, an investigation was conducted and certain records were compiled. As a result of the investigation, a letter of caution was issued to the officer, and the letter became a part of the officer's personnel file. The FOIA request was to inspect the following records: the arrest disposition report of the inmate involved in the incident, the witness statements taken pursuant to the investigation of the officer involved in the incident, the investigator's notes taken pursuant to the investigation, and the letter of caution issued to the officer.
It is my understanding that you have advised the administrator that each of these records is open under the FOIA. You state that you are requesting this opinion on behalf of the jail administrator. You have requested that I render an opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), as to whether these are indeed personnel records and whether the decision to release the records is consistent with the FOIA.
With regard to the inmate's arrest disposition report, it is my opinion that such a record is a public record that is subject to disclosure under the FOIA. It is my understanding that this report is a part of the normal records maintained by the jail on each of its inmates. In my opinion, the report falls within the statutory definition of "public records" as set out at §25-19-103(1), as follows:
 `Public records' means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are
or should be carried out by a public official or employee, a governmental agency, or anyother agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records. [Emphasis added.]
With regard to disclosure of the arrest disposition report, the Arkansas Supreme Court recently held in Hengel v. City of PineBluff, 307 Ark. 457, 821 S.W.2d 761 (1991), that for purposes of the FOIA, jail logs, arrest records, and shift sheets maintained by a jail are not records containing undisclosed law enforcement investigations and are therefore subject to disclosure under the act. The court noted that the FOIA should be broadly construed in favor of disclosure and exceptions should be construed narrowly.307 Ark. at 463-464. The exemption under § 25-19-105(b)(6) for "undisclosed investigations" thus did not apply to those documents.
Accordingly, it is my opinion that the arrest disposition report similarly constitutes a public record. The administrator's decision to release it is therefore consistent with the FOIA.
With regard to the remaining three records, however, consideration must be given to A.C.A. § 25-19-105(c)(1), which states in pertinent part that:
 . . . all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
This office has previously issued opinions which referenced the only authority in this area which first appears in a 1988 Attorney General opinion wherein a test is outlined suggesting that a job performance record details the performance or lack of performance of an employee with regard to a specific incident or incidents. See Op. Att'y Gen. 88-162. See also Ops. Att'y Gen. 91-153 and 91-296. Based upon that opinion, it appears that the witness statements, investigator's notes, and letter of caution would be classified as "job performance records." Such records are exempt from public inspection until such time as the employee is suspended or terminated and all administrative proceedings are complete. The officer in this instance was apparently neither suspended nor terminated. A cautionary instruction does not meet the criteria for release of an evaluation or job performance record. Following that analysis, the records should not be released.
It should be noted, however, that this is, in my opinion, a close question. The legislature has not defined the term "job performance record," nor do we have the benefit of judicial precedent on this issue. The question of whether these types of records fall within the "job performance" exception will ultimately have to be decided by a court.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh